## JACOB EMERY vs. JEREMIAH GOODWIN.

An action was brought by one, who had been under guardianship, as a spend-thrift, against his former guardian in the name of the Judge of Probate upon the guardianship bond, in which action it was alleged, that the guardian had conducted unfaithfully and fraudulently in the sale of the real estate of the ward, sold at public auction for the payment of his debts; that the guardian had become the purchaser of the estate, and had sold it again at an advance; and that this advance should have been for the benefit of the ward, and should have been credited in the guardian's account. This action was tried upon the merits, a verdict was found for the defendant, and judgment was rendered thereon. Afterwards, the spendthrift brought a bill in equity against the guardian, charging the same facts without imputing fraud, and claming the difference between the purchase and sale, as a trust; to which the guardian pleaded the former judgment in bar. On demurrer, this was held a good plea.

THIS was a bill in equity, in which the plaintiff alleged, that in *September*, 1829, the defendant and one *William Trafton* were appointed by the Judge of Probate guardians of the plaintiff, as a spendthrift, " and gave bonds, as the law directs;" that they afterwards duly obtained license to sell so much of the plaintiff's real estate for the payment of his debts, as would produce the sum of $7,123,00; that the guardians duly advertised and sold the real estate of the plaintiff, at public auction, to a large amount; that the defendant became the purchaser of four several tracts of the land for the aggregate sum of $3,947,07; that the lands thus purchased were of much greater value, than the sum paid by the defendant therefor; that on the settlement of his guardianship account in the Probate office, the defendant credited the said sum of $3,947,07, and no more; that the defendant had no authority in law to become the purchaser, except to hold in trust for the plaintiff; that in *November*, 1830, the defendant sold the same real estate for a large amount above the price given by him therefor; and that the plaintiff had demanded of the defendant the excess of the sale above the amount paid for the same, and had requested him to render an account of his sales. The bill also prayed, that the defendant should be holden to make a discovery of the persons to whom the said real estate had been sold by him, and of the amount received for the same.

The defendant pleaded in bar to all these allegations a former verdict and judgment in his favour, after a full trial, at the Su-

preme Judicial Court for the county of *York*, *September* Term, 1831, in an action of debt, brought by the said *Jacob Emery* and for his benefit, in the name of the Judge of Probate for said county, against the said *Jeremiah Goodwin* and *William Trafton* and their sureties, on their said bond, given to the Judge of Probate, as guardians of the said *Jacob Emery*, the plaintiff in this action, dated the 7th of *September*, 1829. And the defendant in his plea averred in substance; that the defendants in that suit pleaded the general issue, and for brief statement, under the statute, said, that the covenants, in the condition of said writing obligatory mentioned to be kept and performed on their part, they had in all respects fully kept and performed; that the said *Jacob Emery* replied by brief statement, that the said *Goodwin* and *Trafton*, as guardians of the said *Emery*, did negligently, and fraudulently manage the property of their ward in these particulars. 1. The estate was not sold at a proper time and in a proper manner. 2. That a saw-mill, grist-mill, potash, store, and pasture were sold in one parcel, when it would have been more to the advantage of the estate to have sold them separately, and that cash was demanded unnecessarily. 3. "*One of the guardians was a purchaser of a large amount of timber land; and while guardian, sold it again for a number of thousands of dollars more than he gave, which speculation should be for the benefit of the ward, and the amount should have been credited in the guardian's account;*" that the jury found, "that the instrument declared on was the deed of the defendants, and that the condition of said bond had never been violated by them, as the plaintiff has alleged;" that judgment was rendered on that verdict: that the causes of action, set forth and tried in that suit, are identically the same, as the causes of action and complaint in this bill; that the court rendering the former judgment had jurisdiction of the subject matter thereof, and of the parties; that the former judgment remained in full force, and that there was no error in it; that the trial was upon the merits; that it was not obtained by fraud; that there is nothing now existing to impeach it; that no new evidence has been discovered to enable the plaintiff to go behind it; and that nothing existed in the defendant's own knowledge contrary to the finding of the jury. The truth of this plea was

supported by the answer of the defendant. To this plea the plaintiff demurred.

The bill contained another charge, independent of this, to which the defendant put in an answer, which was admitted by the plaintiff to be a perfect defence to that portion of the bill.

The case was argued by *Mellen* and *D. Goodenow* for the plaintiff; and by *E. Shepley*, in writing, and *J. Shepley*, orally, for the defendant.

For the plaintiff, it was contended, that the plea in bar was insufficient, and that the defendant should be held to answer to the merits.

1. Because in the first suit the defendant was charged with fraud, and the jury could not find a verdict for the plaintiff, unless they were satisfied, that the defendant had been *guilty of fraud* in the course pursued by him. But in this bill, no such charge is made. The charge is merely, that the guardian purchased the property of the ward, and sold it again at a profit. This he might fairly and honestly do for the ward's benefit, but not for his own. 1 *Story on Eq.* 304, *sec.* 308, 309. The guardian is holden to be a trustee, for the ward on motives of public policy, *ibid. sec.* 314, 317. Fraud and trust are distinct subjects, though sometimes there may be some ingredients of fraud in a trust, and a recovery in one is no bar to a recovery in the other. *Dunlap v. Stetson,* 4 *Mason,* 349; *Saunders* v. *Marshall,* 4 *Hen. & Mum.* 458. Judgment for the defendant in *assumpsit* in an action on a domestic judgment, is no bar to an action of debt on the same judgment. *M'Kim* v. *Odom,* argued in this county, in 1835. 3 *Fairfield,* 94. Unless the merits are tried, a former judgment is no bar. *Hopkins* v. *Lee,* 6 *Wheaton,* 114. As this mere question of trust could not be, and was not tried in the former action, the judgment pleaded is no bar to this.

2. The judgment recited in the plea, is no bar to this bill, because the bond on which the suit was brought was not authorized by law. There was no statute then in existence requiring a guardian of a spendthrift to give bond. The bond being invalid, no judgment founded upon it can prevent the party from pursuing his proper remedy.

The *stat. ch.* 51, *sec.* 53, provides, that guardians of spend-thrifts shall give the same bond, as guardians of idiots, &c.  On looking back to *sec.* 51, it will be found, that no provision is inserted, that the guardian of an idiot shall give bond.  It was probably omitted by mistake.  The *stat.* of 1830, *ch.* 470, *sec.* 11, provides for giving bond in such cases, thereby shewing, that the legislature considered, that no provision existed for it previously.

3.  But if the bond had been legal, no action could have been maintained upon it until after a citation to account.  The suit might properly have been determined against the plaintiff on that ground.  *Nelson J.* v. *Jaques,* 1 *Greenl.* 147 ; *Potter* v. *Titcomb,* 7 *Greenl.* 302.

4.  The plaintiff had a right to a discovery of the facts in relation to the purchase and sale.  Until this is done, the court cannot say, whether the plea discloses a sufficient bar or not.  2 *Mad. Ch.* 337, and notes.

5.  The bill discloses a clear case for relief.  The law is well settled, that if a guardian purchases property of his ward, and sells it at a profit, he must account for the difference, as a trustee of the ward.  1 *Story on Eq. sec.* 321, 322.  *Jennison* v. *Hapgood,* 10 *Pick.* 77 ; *Harrington* v. *Brown,* 5 *Pick.* 519 ; *Fay J.* v. *Hunt,* 5 *Pick.* 404 ; 2 *Kent's Com.* 229 ; 1 *Mad. Ch.* 110 ; *Ball* v. *Carew,* 13 *Pick.* 29.

6.  This Court, by the express provisions of the *stat.* 1830, *ch.* 462, has jurisdiction in cases of trust.  It is the duty of courts of equity to enforce trusts.  1 *Story on Eq. sec.* 532, 535.

7.  The averments in the plea of identity of the causes of action in that suit and in the present bill, and that the action was tried on the merits, are mere questions of law, and not of fact ; and are to be decided by the court upon the papers before them.  Fraud and trust are not the same, and so the court must say.  The jury have only found, that the defendant was not guilty of fraud.  It is the province of the court to adjudge him to be trustee.  The defendant therefore should be holden to answer to the merits.

For the defendant, it was argued, that if the cause be heard on bill and answer, the answer shall be admitted true in all points.

*Com. Digest, Chancery M; Chapin* v. *Coleman,* 11 *Pick.* 336. In *Chapin* v. *Coleman,* the court say, that in such case, the defendant is not bound to answer the original claim, or cause of action. A former judgment is a bar in equity, equally as in law. 3 *Atkins,* 626; *Homer* v. *Fish,* 1 *Pick.* 435. When there is a plea of former judgment, and it is intended to deny, that the causes of action were the same, or that the trial was on the merits, the course is to take issue on those averments in the plea. *New England Bank* v. *Lewis,* 8 *Pick.* 118; *Hughes* v. *Blake,* 6 *Wheaton,* 472. All the averments contained in our plea in bar are to be taken as true in this case, the same as in case of a demurrer to a plea in bar in a court of law.

Two of these averments are, that the former suit was tried on the merits, and that the causes of action in that suit and in the present bill are the same. In the case of *M'Kim* v. *Odom,* cited for the plaintiff, the decision was, that an action of *assumpsit* could not be maintained on a judgment of another of the United States. If the objection to the form of action had been waived, and a judgment had been rendered for the plaintiff, it is believed, it would have been a bar to an action of debt for the same cause.

The former judgment is a bar to this process. The rule is, that a judgment in a competent court is a bar to a suit for the same cause of action *in any other court.* In *Bateman* v. *Willoe,* 1 *Sch. & Lef. Repts. Lord Redesdale* thus states the rule. " If a matter has already been investigated in a court of justice according to the common and ordinary rules of investigation, a court of equity cannot take upon itself to enter into it again." In *Homer* v. *Fish,* 1 *Pick.* 435, the court cite and affirm the language of the *Lord Chancellor* in the case of *Bateman* v. *Willoe.* The principle is thus stated, by *Chancellor Kent,* in *Simpson* v. *Hart,* 1 *Johns. Ch. R.* 91. " The general principle is, that the decision of a court of competent authority, or a *res judicata,* is binding and conclusive on all other courts of concurrent power. It is a principle, which pervades not only our own, but all other systems of jurisprudence, and has become a rule of universal law, and is founded on the soundest policy." This case was overruled in the court of errors on other points, but the *Chancellor* says, in

*Holmes* v. *Remsen*, 7 *Johns. Ch. R.* 286, that the principles of the case were affirmed by the majority of the court, differing with him in their application, as well as by the minority, agreeing with him. The principle is affirmed in *Smith* v. *McIver*, 9 *Wheaton*, 532; *Hawley* v. *Mancius*, 7 *Johns. Ch. R.* 174. It has been said, that there is a discovery prayed for in this bill, and therefore, that an answer to the merits should have been made. The reply is, that a judgment sufficient to bar relief is sufficient to bar discovery. It would be idle to go into the enquiry, if the whole question has been already settled conclusively between the parties. *Sutton* v. *Earl of Scarborough*, 9 *Ves.* 71.

It is also contended, that the probate bond was not authorised by law, and that therefore the judgment pleaded is no bar to this bill. But the bond certainly was not against law. The statute cited for the plaintiff clearly indicates, that some bond should be given; and it is not pretended, but that this was a proper one for the purpose.

The plaintiff by his former suit upon it considered the bond as valid, and cannot now object. If the verdict had been in favor of the plaintiff, instead of against him, the defendant could not have avoided payment of the amount of the judgment. If it would have bound the defendant, it must also be binding on the plaintiff. But were the judgment subject to be reversed, the plaintiff must go to this Court, as a court of law, for his remedy. A court of equity will not interfere in such cases. *Baker* v. *Morgan*, 2 *Dow's R.* 526; *Le Guen* v. *Governeur*, 1 *Johns. Cases in error*, 492; *Shottenkirk* v. *Wheeler*, 3 *Johns. Ch. R.* 275; *De Reimer* v. *De Cantillon*, 4 *Johns. Ch. R.* 85; *Hawley* v. *Mancius*, before cited.

It is also said, that the action on the bond might have been defeated, because the defendant was not cited to account. The answer is, 1. That if the objection could be taken after plea of performance, it was mere matter of evidence, and would not appear on the record. 2. That this supposition is negatived by the averment in the plea, that the trial was on the merits. 3. That such supposition was inconsistent with the finding of the jury.

It is urged, that the plaintiff might have failed, because the jury were not satisfied, that the defendant was guilty of fraud, and

therefore the judgment is no bar. But the plea avers, that the merits, that is, the whole merits, were tried; and this is admitted by the demurrer. The principle is, that a judgment is not only final as to the matter actually determined, but as to every other matter which the parties might have litigated in the cause, and which they might have had decided. *Le Guen* v. *Governeur*, and the other cases before cited. There are frequently cases, where the party has several remedies, and a decision on the merits, on the trial of either, is a bar to any other suit for the same cause. In this case, if there had been any real cause of action, the plaintiff might have sought his remedy by a suit on the bond, the one first adopted; by a bill in equity, now attempted; or by a citation to account in the probate office. Unless the first is a bar to this; if the court should hold the defendant to answer, and decide in his favor on the merits; such judgment could be no bar to another attempt by citing the defendant to account in the probate court. In one of the cases cited for the plaintiff, *Jennison* v. *Hapgood*, the latter course was adopted. The plaintiff may elect his remedy, but if he does not happen to make the best choice, he is not at liberty to try his case over again in a better shape.

We are not disposed to contest the general principle, that where one acts for another, and is both seller and purchaser, that he must account for all profits he may make to the proprietor of the property sold. But whether that principle applies to a sale by an administrator or guardian, at public auction, pursuant to the provisions of law, we believe has not been decided in this State. In one state it has been held, that it does not. It is sufficient to say, that the only question now before the court is, whether the former judgment is a bar to this bill.

WESTON C. J. — The plaintiff has filed a demurrer to the defendant's plea; and the question is, as to the sufficiency of the plea, in relation to that part of the bill, to which it was intended to apply. A plea may be interposed to part of the bill; and it will be sustained, so far as it may be a good bar to any of its material allegations.

It is insisted, that the trust charged in the bill, arising from the sale, purchase, and resale of certain estates belonging to the plaintiff, by the defendant, his guardian, has been once before a court of competent jurisdiction, that it has passed in *rem judicatam*, and ought not to be again opened. The former suit was brought in this court, for the benefit of the plaintiff, in the name of the Judge of Probate, for this county, on a bond given to the Judge by the defendant, with sureties, *September* 7th, 1829, conditioned for the faithful performance of his duties, as guardian to the plaintiff. As the law then stood, the defendant was to give the same bond, for the faithful discharge of his trust, as guardians appointed for lunatics, idiots, and persons *non compos*. In the revision of the laws, a requirement to this effect of such guardians had been omitted; and it was not imposed by statute, until after the date of the bond under consideration.

But although the reference in the statute then afforded no light, in relation to the bond to be given by guardians to spendthrifts, it was manifestly the will of the legislature, that such a bond, should be taken from every such guardian; and it was to be for the faithful performance of the trust confided to him. If the Judge of Probate, in the exercise of his jurisdiction, has no right to require, or to receive a bond, except where it is prescribed by statute, about which we give no opinion, it may be strongly urged, that the bond in question was thus prescribed. But for the purposes of this investigation, it is sufficient to say, that the bond was given, that the plaintiff sought his remedy under it, that no objection was taken to its validity; and that a suit upon it was sustained in the Supreme Judicial Court. We are not called upon, sitting as a court of equity, to examine into the regularity of these proceedings. The cases of *Baker* v. *Morgan*, 2 *Dow.* 526, and of *Shottenkirk* v. *Wheeler*, 3 *Johns. Ch.* 275, very strongly point out the impropriety of such an interference.

If the court had jurisdiction of the bond, which they sustained, and which cannot be questioned collaterally under this bill, did it involve the trust, upon which the defendant is now sought to be charged? We are of opinion, that it did expressly and directly. The trust charged is an official trust, the faithful fulfilment, of which constituted the principal condition of the bond. The brief

statement of the plaintiff in that suit, which by our law is a substitute for special pleading, charges the defendant generally, with unfaithfulness in the discharge of his trust, as guardian, and with negligent, and fraudulent management of the property of his ward. He then proceeds to point out certain specifications. Of what? Unfaithfulness in the trust, is as much involved in them, as negligent, and fraudulent management. If either was made out, the condition was broken. Among the specifications, is the very ground upon which a trust in favor of the plaintiff is based in the bill.

It is contended, that the failure of the plaintiff to recover in the former suit may have been, because the defendant might not have been cited to account in the probate office. An administrator is required by law to give bond, conditioned to return an inventory of the estate within three months, and to render an account of his administration within one year. It has been held, that before he can be charged upon the bond, for a failure of these duties, he must be first cited to return an inventory, or to account in the probate office. *Nelson* v. *Jaques*, 1 *Greenl.* 138; *Potter* v. *Titcomb*, 7 *Greenl.* 302.

These are positive requirements, in regard to which the place where, and the tribunal before which the business is to be transacted, is the court of probate. The guardian has duties to perform, in the comfortable maintenance of the ward, and his family; in the collection, and payment of his debts, and in the management, and preservation of his property. And although he acts under the supervision of the court, by which he is appointed, and may doubtless be cited to give an account of his trust; yet this is not a duty directly and affirmatively prescribed by statute, as it is in the case of administrators. The duty of a guardian, imposed by statute, and secured by bond, does not depend upon the injunction of the probate court. He could not be cited to appear there, and fulfil his trust. That with the exception of the return of an inventory, is to be performed elsewhere. And if not performed, the condition of his bond is broken.

We are not satisfied, that before an action can be maintained upon a guardian's bond, he must be first called upon to appear in the probate court, and show how he has fulfilled his duties. And

if it were necessary, no such point was raised between the parties. No averment to this effect was necessary in the declaration, which was debt on bond. The defendant and his sureties did not place their defence upon this ground, in their brief statement; but relied upon a general performance of the condition of their bond. The plaintiff in his counter statement pointed out certain breaches, upon which the parties were at issue. The jury found for the defendant. If they had found for the plaintiff; and the defendant had thereupon insisted, that he was not charged by the verdict, because there was no proof, that he had been cited before the probate court, it might well have been replied, that he put no such point in issue. That he must be regarded, as having waived the objection. That he could not be permitted to take the chance of a verdict in his favor, and then interpose a ground of defence, which if earlier made might have been removed by competent proof. But as has been before intimated, whether that suit was regularly conducted, or not, it is not our present business to determine. It sufficiently appears, that the jury have found, that there was no breach of the condition of the bond.

But assuming, that the jury responded only to the ground of fraud, made by the plaintiff in his brief statement, as his counsel insist, and negatived the breaches assigned, because not satisfied that fraud existed; it appears to us, that the plaintiff might, and should at the time, have protested against so limited a finding. Or if that was right under his brief statement, it was his own fault thus to have narrowed his ground of action. The bond was to secure the performance of the defendant's trust. The plaintiff elected to resort to that remedy. The trust was directly open to inquiry; but fraud only, as it was evidence of a breach of trust. Nor can we entertain a doubt that the whole subject matter, the bond with its condition, was within the jurisdiction of the court in that suit. To enforce the faithful performance of the trust, was the very object of the bond. A suit rightfully brought upon that bond, carried with it necessarily a right to inquire as to the trust. The one was inseparable from the other.

It is an elementary principle, of high importance in the administration of justice, that the judgment or decree of a court of competent jurisdiction is final, as to the subject matter determin-

ed, and that it cannot be opened, before any court of concurrent jurisdiction. The authorities go further; and maintain the position, that the parties are concluded, as to whatever might have been litigated or decided in a former suit. *Marriot* v. *Hampton*, 7 *T. R.* 269. *LeGuen* v. *Governeur et al.*, 1 *Johns. Cases*, 436. *Kent J.* in the last case says, he knows but two exceptions to this rule; the case of mutual dealings, where the defendant, who omits to set off his counter demand, may bring a cross action; and the case of ejectment, according to the English and New York practice, where the defendant, neglecting to bring forward his title, is not precluded by a recovery against him from availing himself of it in a new suit.

The principle is, that every man is bound to take care of his rights, and to enforce them, when opportunity is afforded him. In *Bateman* v. *Willoe*, 1 *Schoales & Lefroy*, 201, Lord Chancellor *Redesdale* says, " the inattention of parties in a court of law, can scarcely be made a subject for the interference of a court of equity; there may be cases cognizable at law, and also in equity, and of which cognizance cannot be effectually taken at law, and therefore equity does sometimes interfere; as in cases of complicated accounts, where the party has not made defence, because it was impossible for him to do it effectually at law; so where a verdict has been obtained by fraud, or where a party has possessed himself improperly of something, by means of which he has an unconscientious advantage at law, which equity will either put out of the way, or restrain him from using; but without circumstances of that kind, I do not know that equity ever does interfere to grant a trial of a matter, which has already been discussed in a court of law, a matter capable of being discussed there, and over which the court of law had full jurisdiction. " In *Simpson* v. *Hart*, 1 *Johns. Ch.* 91, *Chancellor Kent* says, he knows of no modern case, where a bill has been sustained upon a point, which had been before a court of law of competent authority, except " upon some new matter of equity, not arising in the former case, or for some relief, to which the powers of the court of law were not fully and effectually adequate." The foregoing are the principal cases, cited for the defendant upon

this point. *Others to the same effect have been also cited* ; and they might be further extended.

In the opinion of this Court, they apply with great force to the case before us. First, because the trust, sought to be enforced in the bill, appears to us to be involved in the former issue. Secondly, if it was not, it was directly within the condition of the bond, and might, and should have been distinctly presented. Thirdly, it was a trust, necessarily within the jurisdiction of the court, entertaining that suit. And lastly, the facts, from which it arises, were then known and set forth, in the plaintintiff's brief statement. The demurrer, to the defendant's plea in bar, is accordingly overruled.